PETITION FOR WRIT OF HABEAS CORPUS: 28 USC §2254 (Rev. 9/10)
ADOPTED BY ALL FEDERAL COURTS IN TEXAS

# IN THE UNITED STATES DISTRICT COURT

FOR THE _Southern_ DISTRICT OF TEXAS

_Houston_ DIVISION

## PETITION FOR A WRIT OF HABEAS CORPUS BY
## A PERSON IN STATE CUSTODY

_Charleston Singletary_

PETITIONER
(Full name of Petitioner)

_Probation_

CURRENT PLACE OF CONFINEMENT

vs.

_0234690l_

PRISONER ID NUMBER

_State of Texas_

RESPONDENT
(Name of TDCJ Director, Warden, Jailor, or
authorized person having custody of Petitioner)

CASE NUMBER
(Supplied by the District Court Clerk)

---

## INSTRUCTIONS - READ CAREFULLY

1.  The petition must be legibly handwritten or typewritten and signed and dated by the petitioner, under penalty of perjury. Any false statement of an important fact may lead to prosecution for perjury. Answer all questions in the proper space on the form.

2.  Additional pages are not allowed except in answer to questions 11 and 20. Do not cite legal authorities. Any additional arguments or facts you want to present must be in a separate memorandum. The petition, including attachments, may not exceed 20 pages.

3.  Receipt of the $5.00 filing fee or a grant of permission to proceed *in forma pauperis* must occur before the court will consider your petition.

4.  If you do not have the necessary filing fee, you may ask permission to proceed *in forma pauperis*. To proceed *in forma pauperis*, (1) you must sign the declaration provided with this petition to show that you cannot prepay the fees and costs, *and* (2) if you are confined in TDCJ-CID, you must send in a certified *In Forma Pauperis* Data Sheet form from the institution in which you are confined. If you are in an institution other than TDCJ-CID, you must send in a certificate completed by an authorized officer at your institution certifying the amount of money you have on deposit at that institution. If you have access or have had access to enough funds to pay the filing fee, then you must pay the filing fee.

5.  Only judgments entered by one court may be challenged in a single petition.  A separate petition must be filed to challenge a judgment entered by a different state court.

6.  Include all of your grounds for relief and all of the facts that support each ground for relief in this petition.

7.  Mail the completed petition and one copy to the U. S. District Clerk.  The "Venue List" in your unit law library lists all of the federal courts in Texas, their divisions, and the addresses for the clerk's offices.  The proper court will be the federal court in the division and district in which you were convicted (for example, a Dallas County conviction is in the Northern District of Texas, Dallas Division) or where you are now in custody (for example, the Huntsville units are in the Southern District of Texas, Houston Division).

8.  Failure to notify the court of your change of address could result in the dismissal of your case.

---

## PETITION

**What are you challenging?**  (Check **all** that apply)

☑  A judgment of conviction or sentence,        (Answer Questions 1-4, 5-12 & 20-25)
    probation or deferred-adjudication probation.
☐  A parole revocation proceeding.              (Answer Questions 1-4, 13-14 & 20-25)
☐  A disciplinary proceeding.                   (Answer Questions 1-4,15-19 & 20-25)
☑  Other: *Forged Plea of Guilt*                (Answer Questions 1-4, 10-11 & 20-25)
    *documents*

**All petitioners must answer questions 1-4:**
Note: In answering questions 1-4, you must give information about the conviction for the sentence you are presently serving, even if you are challenging a prison disciplinary action. (Note: If you are challenging a prison disciplinary action, do not answer questions 1-4 with information about the disciplinary case. Answer these questions about the conviction for the sentence you are presently serving.) Failure to follow this instruction may result in a delay in processing your case.

1.  Name and location of the court (district and county) that entered the judgment of conviction and sentence that you are presently serving or that is under attack: *Harris County*
    *District Court of Criminal 178th*


2.  Date of judgment of conviction: *2-17-2017*

3.  Length of sentence: *5 years deferred adjudication community supervision*

4.  Identify the docket numbers (if known) and all crimes of which you were convicted that you wish to challenge in this habeas action: *1498413*

**Judgment of Conviction or Sentence, Probation or Deferred-Adjudication Probation:**

5.    What was your plea? (Check one)    ☐ Not Guilty    ☑ Guilty    ☐ Nolo Contendere

6.    Kind of trial: (Check one)    ☐ Jury    ☑ Judge Only

7.    Did you testify at trial?    ☐ Yes    ☑ No

8.    Did you appeal the judgment of conviction?    ☐ Yes    ☐ No

9.    If you did appeal, in what appellate court did you file your direct appeal? _1st Court of_
_Appeal_____ Cause Number (if known) _0-17-00 242_

What was the result of your direct appeal (affirmed, modified or reversed)? _affirmed_

What was the date of that decision? _3-7-19 & 11-27-18_

If you filed a petition for discretionary review after the decision of the court of appeals, answer the following:

Grounds raised: _Altered Plea of Guilt Documents_
_____

Result: _Affirmed trial court judgment_

Date of result: _11-5-19_    Cause Number (if known): _PD-0314-19_

If you filed a petition for a *writ of certiorari* with the United States Supreme Court, answer the following:

Result: _N/A_

Date of result: _____

10.    Other than a direct appeal, have you filed any petitions, applications or motions from this judgment in any court, state or federal? This includes any state applications for a writ of habeas corpus that you may have filed.    ☐ Yes    ☐ No

11.    If your answer to 10 is "Yes," give the following information:

Name of court: _____

Nature of proceeding: _____

Cause number (if known): _____

Date (month, day and year) you <u>filed</u> the petition, application or motion as shown by a file-stamped date from the particular court: _____

Grounds raised: _____

_____

_____

Date of final decision: _____

What was the decision? _____

Name of court that issued the final decision: _____

As to any <u>second</u> petition, application or motion, give the same information:

Name of court: _____

Nature of proceeding: _____

Cause number (if known): _____

Date (month, day and year) you <u>filed</u> the petition, application or motion as shown by a file-stamped date from the particular court:

_____

Grounds raised: _____

_____

_____

Date of final decision: _____

What was the decision? _____

Name of court that issued the final decision: _____

*If you have filed more than two petitions, applications, or motions, please attach an additional sheet of paper and give the same information about each petition, application, or motion.*

12.   Do you have any future sentence to serve after you finish serving the sentence you are attacking in this petition?        ☐ Yes    ☑ No

(a)   If your answer is "yes," give the name and location of the court that imposed the sentence to be served in the future: _____

_____

(b)   Give the date and length of the sentence to be served in the future: _____

_____

-4-

(c)     Have you filed, or do you intend to file, any petition attacking the judgment for the sentence you must serve in the future?   ☐ Yes   ☐ No

**Parole Revocation:**

13.     Date and location of your parole revocation: _____ N/A _____

14.     Have you filed any petitions, applications, or motions in any state or federal court challenging your parole revocation?   ☐ Yes   ☐ No

If your answer is "yes," complete Question 11 above regarding your parole revocation.

**Disciplinary Proceedings:**

15.     For your original conviction, was there a finding that you used or exhibited a deadly weapon?   ☐ Yes   ☑ No

16.     Are you eligible for release on mandatory supervision?   ☐ Yes   ☐ No

17.     Name and location of the TDCJ Unit where you were found guilty of the disciplinary violation: _____

Disciplinary case number: _____ N/A _____

What was the nature of the disciplinary charge against you? _____

18.     Date you were found guilty of the disciplinary violation: _____

Did you lose previously earned good-time days?   ☐ Yes   ☐ No

If your answer is "yes," provide the exact number of previously earned good-time days that were forfeited by the disciplinary hearing officer as a result of your disciplinary hearing: _____

Identify all other punishment imposed, including the length of any punishment if applicable and any changes in custody status: _____ N/A _____

_____

_____

19.     Did you appeal the finding of guilty through the prison or TDCJ grievance procedure?   ☐ Yes   ☑ No   N/A

If your answer to Question 19 is "yes," answer the following:

Step 1   Result: _____

-5-

Date of Result: _____

Step 2 Result: _____

Date of Result: _____

**All petitioners must answer the remaining questions:**

20.  For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Summarize <u>briefly</u> the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting them.

<u>CAUTION: To proceed in the federal court, you must ordinarily first exhaust your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.</u>

A.  **GROUND ONE:** 18 US Code 2071 (a)(b)
Concealment, Removal, or Mutilation of Court Records

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Record shows on 7-12-16 Petitioner-Charleston Singletary signed standard Harris Law plea forms which had clerk office file mark 9-16-16 Judge Mendoza permitted Petitioner to withdraw guilty plea. Petitioner never signed new plea documents. Judge Kelli Johnson altered the plea documents filed 7-12-16 by scratching out Mendoza signature, dates, added her name, and then misrepresented Petitioner original signature dated 7-12-16 as agreement to enter plea of guilty on 2-22-1

B.  **GROUND TWO:** 18 US Code 1509
Obstruction of Court Orders

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Suspects interferred with Petitioner's 14th admendment due process rights under Judge Mendoza order & judgment that allowed Petitioner to withdraw his guilt plea dated 7-12-16, and then exercise rights to utilize full extent of law to prove innocence. Suspects- Judge Kelli Johnson, D.A. Ashley Sheridan, & Court Appointed Attorney Adam Muldrow falsification of plea documents resulted as violation of Mendoza court order & judgment.

C.  **GROUND THREE:** _18 US Code 2071 (a)(b)_
_Concealment, Removal, or Mutilation of Court Records_

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_Suspects- Judge Kelli Johnson falsified "Order of Deferred_
_Adjudication dated 2-22-17. Order false reported Petitioner_
_appeared in person with counsel when Order of Deferred_
_Adjudication was signed by Petitioner. Petitioner was in_
_Harris County Jail without counsel on or about 2-27-17 or 2-28-17_
_When presented with "order deferred adjudication."_

D.  **GROUND FOUR:** _____

_____

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

21.  Relief sought in this petition: _____

_____

_____

_____

_____

_____

_____

_____

_____

22.  Have you previously filed a federal habeas petition attacking the same conviction, parole revocation, or disciplinary proceeding that you are attacking in this petition?   ☐ Yes   ☑ No
     If your answer is "yes," give the date on which <u>each</u> petition was filed and the federal court in which it was filed. Also state whether the petition was (a) dismissed without prejudice, (b) dismissed with prejudice or (c) denied.

     _____

     _____

     If you previously filed a federal petition attacking the same conviction and such petition was denied or dismissed with prejudice, did you receive permission from the Fifth Circuit to file a second petition as required by 28 U.S.C. § 2244(b)(3) and (4)?   ☐ Yes   ☐ No

23.  Are any of the grounds listed in question 20 above presented for the first time in this petition?
     ☐ Yes   ☑ No

     If your answer is "yes," state <u>briefly</u> what grounds are presented for the first time and give your reasons for not presenting them to any other court, either state or federal.

     _____

     _____

     _____

24.  Do you have any petition or appeal now pending (filed and not yet decided) in any court, either state or federal, for the judgment you are challenging?   ☐ Yes   ☑ No

     If "yes," identify each type of proceeding that is pending (i.e., direct appeal, art. 11.07 application, or federal habeas petition), the court in which each proceeding is pending, and the date each proceeding was filed. _____

     _____

25.  Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

     (a)  At preliminary hearing: _____

     (b)  At arraignment and plea: _____

     (c)  At trial: _____

     (d)  At sentencing: _____

     (e)  On appeal: _____

     (f)  In any post-conviction proceeding: _____

-8-

(g)      On appeal from any ruling against you in a post-conviction proceeding: _____

_____

**Timeliness of Petition:**

26.      If your judgment of conviction, parole revocation or disciplinary proceeding became final over one year ago, you must explain why the one-year statute of limitations contained in 28 U.S.C. § 2244(d) does not bar your petition.[1]

_____

_____

_____

_____

_____

---

[1] The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), as contained in 28 U.S.C. § 2244(d), provides in part that:

    (1)    A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

        (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

        (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

        (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

        (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

    (2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Wherefore, petitioner prays that the Court grant him the relief to which he may be entitled.

_____

Signature of Attorney (if any)

_____

     I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for a Writ of Habeas Corpus was placed in the prison mailing system on

_____ (month, day, year).

Executed (signed) on _____ (date).

_____

Signature of Petitioner (required)

Petitioner's <u>current</u> address: _1138 Brenford Drive Houston, Texas 77047_

# 18 U.S. Code § 2071. Concealment, removal, or mutilation generally

U.S. Code    Notes

**(a)** Whoever willfully and unlawfully conceals, removes, mutilates, obliterates, or destroys, or attempts to do so, or, with intent to do so takes and carries away any record, proceeding, map, book, paper, document, or other thing, filed or deposited with any clerk or officer of any court of the United States, or in any public office, or with any judicial or public officer of the United States, shall be fined under this title or imprisoned not more than three years, or both.

**(b)** Whoever, having the custody of any such record, proceeding, map, book, document, paper, or other thing, willfully and unlawfully conceals, removes, mutilates, obliterates, falsifies, or destroys the same, shall be fined under this title or imprisoned not more than three years, or both; and shall forfeit his office and be disqualified from holding any office under the United States. As used in this subsection, the term "office" does not include the office held by any person as a retired officer of the Armed Forces of the United States.

(June 25, 1948, ch. 645, 62 Stat. 795; Pub. L. 101–510, div. A, title V, § 552(a), Nov. 5, 1990, 104 Stat. 1566; Pub. L. 103–322, title XXXIII, § 330016(1)(I), Sept. 13, 1994, 108 Stat. 2147.)

Case 4:20-cv-00645 Document 1 Filed on 02/21/20 in TXSD Page 12 of 12

# 18 U.S. Code § 1509. Obstruction of court orders

U.S. Code     Notes

Whoever, by threats or force, willfully prevents, obstructs, impedes, or interferes with, or willfully attempts to prevent, obstruct, impede, or interfere with, the due exercise of rights or the performance of duties under any order, judgment, or decree of a court of the United States, shall be fined under this title or imprisoned not more than one year, or both.

No injunctive or other civil relief against the conduct made criminal by this section shall be denied on the ground that such conduct is a crime.

(Added Pub. L. 86–449, title I, § 101, May 6, 1960, 74 Stat. 86; amended Pub. L. 103–322, title XXXIII, § 330016(1)(H), Sept. 13, 1994, 108 Stat. 2147.)

## 💼 U.S. Code Toolbox

Law about... Articles from Wex
Table of Popular Names
Parallel Table of Authorities
How current is this?