IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CHARLESTON SINGLETARY, § | |
|         Petitioner, § | |
| § | |
| v. § | |
| § | CIVIL ACTION NO. 4:20-CV-645 |
| LORIE DAVIS, Director, § | |
| Texas Department of Criminal § | |
| Justice, Correctional Institutions § | |
| Division, § | |
|         Respondent.[1] § | |

## RESPONDENT DAVIS'S MOTION TO DISMISS LORIE DAVIS AS PARTY RESPONDENT WITH BRIEF IN SUPPORT

Petitioner Charleston Singletary (Singletary) filed a petition for writ of habeas corpus challenging his convictions and deferred adjudication community supervision out of Harris County, Texas. The Director asks that she be dismissed from the case as an improper respondent since Singletary is not in her custody.

## JURISDICTION

The Attorney General of Texas makes no statement of jurisdiction regarding whether this Court has jurisdiction over the subject matter and the parties. The Harris County Community Supervision and Corrections

---

[1]     For purposes of clarity, Respondent will be referred to as "the Director."

Department should be allowed to make its own assertions with respect to the jurisdiction of this Court.

## STATEMENT OF THE CASE

The Director does *not* have custody of Singletary pursuant to the conviction and deferred adjudication community supervision in the 178th District Court of Harris County, Texas, in cause numbers 1498413 and 1498412, styled *The State of Texas v. Charleston Singletary.* ECF No. 1, at 2–3; ECF No. 5, at 2–3; see *Singletary v. State*, No. 01-17-00241-CR, 2018 WL 6175308 (Tex. App. Nov. 27, 2018), petition for discretionary review refused (July 24, 2019). On February 17, 2017, Singletary entered a plea of "guilty" to both charges and the trial court placed him on deferred adjudication community supervision for a term of five years. *Id.*

The Director does not state Singletary's allegations, nor does she make any assertions regarding the timeliness of Singletary's federal petition, or whether his claims have been adequately exhausted, due to the fact that the Attorney General does not represent the Harris County Community Supervision and Corrections Department.

## MOTION TO DISMISS DAVIS AS PARTY RESPONDENT

Singletary challenges his convictions and deferred adjudication community supervision. ECF No. 1, at 2–3; ECF No. 5, at 2–3. However, since

Singletary is not in the custody of TDCJ, the Director is not the proper respondent to this action.

The federal habeas statute straightforwardly provides that the proper respondent to a habeas petition is "the person who has custody over [the petitioner]." *Rumsfield v. Padilla*, 542 U.S. 426, 434 (2004) (quoting 28 U.S.C. § 2242); *see also* 28 U.S.C. § 2243 ("The writ, or order to show cause shall be directed to the person having custody of the person detained"); Rules Governing § 2254 Cases, Rule 2 (a) ("If the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody.") As the Supreme Court explained:

> The consistent use of the definite article in reference to a custodian indicates that there is generally only one proper respondent to a given prisoner's habeas petition. This custodian, moreover, is "the person" with the ability to produce the prisoner's body before the habeas court. . . . [I]n habeas challenges to present physical confinement—"core challenges"—the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official.

*Padilla*, 542 U.S. at 434-35.

Here, Harris County's Community Supervision and Corrections Department has custody of Singletary pursuant to the conviction in question, not the Director of TDCJ-CID.[2] The Attorney General does not have the duty

---

[2] Singletary acknowledges that he is serving a five-year term of deferred adjudication community supervision and lists addresses within Harris County and Fort Bend County. *See* Fed. Pet. at 2, 10; ECF No. 10, at 1 (Notice of Change of Address).

3

or even the authority under Texas law to represent Harris County. *See United States v. State of Texas*, 680 F.2d 356, 368 n.16 (5th Cir. 1982) (the Texas Attorney General's Office is responsible for representing state agencies not county agencies); *see also* Tex. Civ. Prac. & Rem. Code § 101.103 (attorney general may represent only state agency officials). Because Singletary is not in TDCJ custody, the Court lacks personal jurisdiction over the Director and should dismiss her as an improper party-respondent. Fed. R. Civ. P. 21.

## CONCLUSION

For the above reasons, the Director respectfully asks the Court to dismiss the Director as a party-respondent and substitute the Community Supervision and Corrections Department of Harris County, Texas in this action.

Respectfully Submitted,

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

MARK PENLEY
Deputy Attorney General
for Criminal Justice

EDWARD L. MARSHALL
Chief, Criminal Appeals Division

|  |  |
|---|---|
| *Lead Counsel |  s/ Stephanie Wawrzynski<br>STEPHANIE WAWRZYNSKI*<br>Assistant Attorney General<br>State Bar No. 24101067<br>Southern District of Texas No. 3443261<br><br>Criminal Appeals Division<br>P.O. Box 12548, Capital Station<br>Austin, Texas 78711<br>(512) 936–1400<br>Facsimile No. (512) 936–1280<br><br>ATTORNEYS FOR RESPONDENT |

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the above and foregoing pleading has been served by placing same in the United States mail, postage prepaid, on June 23, 2020, addressed to:

Charleston Singletary
P.O. Box 124
Fresno, TX 77545

 s/ Stephanie Wawrzynski
STEPHANIE WAWRZYNSKI
Assistant Attorney General

5